## *Forean vs. Bowen.*

Appeal from the Christian Circuit; BEN. SHACKELFORD, Judge.

*Damages. Trial by jury. Bank note contracts. Mistake. Consideration. Pleading by defendant. Jurisdiction. Equity.*

Judge OWSLEY delivered the Opinion of the Court.

BOWEN sued Forean in covenant, on the following writing:

On or before the 7th day of April next, I, George Forean, promise to pay Arthur M. Bowen, the just sum of one thousand five hundred and fifty five dollars and seventy two cents, in notes on the bank of the commonwealth of Kentucky, for value received, as witness my hand and seal, this 3rd day of December, 1823.                George Forean, [Seal.]

*COVENANT.*

*Case 93.*

*June 21.*

*Covenant declared on.*

FOREAN
vs.
BOWEN.

Declaration.

Pleas with-
drawn.

Judgment by
default, for
the nominal
amount of
the covenant
for bank
notes, with
interest,with-
out a jury.

In covenant
on a bank
note con-
tract, not
within the
act allowing
a recovery in
kind, there
must be a
jury.

The declaration sets out the covenant sufficiently precise, and alleges for breach, the nonpayment of the bank paper at the day stipulated for its payment.

Four pleas were presented by Forean, one of which was rejected by the court, another was demurred to by Bowen, and adjudged bad by the court; and upon the other two, issues to the country were made up by the parties, but by permission of the court they were afterwards withdrawn by Forean.

The pleas having been thus disposed of, judgment was rendered by the court, without the intervention of a jury, "that Bowen, the plaintiff in that court, recover of Forean, the defendant there, one thousand five hundred and fifty-five dollars and seventy-two cents, the debt in the declaration mentioned, with interest thereon, to be computed at the rate of six per centum per annum, from the 7th of April, 1824, until paid, and also his cost by him about his suit in this behalf expended."

From that judgment Forean appealed.

The judgment is undoubtedly erroneously rendered. It was not only irregular, to render judgment for the nominal amount of the commonwealth's paper mentioned in the covenant, as for so much debt, and interest thereon, but there should have been no judgment for any specific sum, without the intervention of a Jury to assess the damages. The amount of damages to which Bowen became entitled to recover, for a breach of the covenant sued on, is not to be ascertained by inspection of the covenant, but depends on the value of the bank paper at the time it was payable, and of which value it is the province of a jury and not the court, upon evidence *aliunde*, to ascertain and assess. The court might, no doubt, without the intervention of a jury, render judgment for the nominal amount in notes of the bank, when the action is founded on a contract coming within the act which allows the recovery of bank paper, if by endorsing upon his declaration the plaintiff declares his willingness to accept bank

paper, but the writing upon which this suit is founded was executed before the passage of the act, and is not therefore within the act.

But there are other questions, besides those which relate to the regularity of entering the judgment made by the assignment of errors; one of which, and one only, will however be noticed.

The others are so obviously and palpably against Forean, that even to notice them would give them a consequence which the most zealous advocate cannot be presumed to suppose them entitled to.

The question we shall notice involves the validity of the third plea, which was adjudged bad on demurrer by the circuit court. It is as follows:

"The defendant, Forean, comes, &c. and for plea says, the plaintiff Bowen, his action aforesaid against him to have and maintain, ought not, as to two hundred and eighty dollars of the debt in the declaration mentioned; because, he says, that heretofore, to-wit: on the 14th day of March, 1822, at the circuit, &c. it was agreed between a certain Peter Forean, the son of this defendant and the plaintiff, that the said Peter Forean should freight for the plaintiff from Boyd's landing in this circuit, to the New Orleans market, twenty eight hogsheads of Tobacco, and should sell the same for the best price which could be got therefor in the New Orleans market, and after deducting ten dollars for each hogshead, out of the amount for which the tobacco might sell, for the freight thereof, he, the said Peter Forean should pay over the balance of the price of said tobacco to the plaintiff, and the defendant avers that the said Peter Forean did freight said twenty-eight hogsheads of tobacco, from Boyd's landing aforesaid to the New Orleans market, for the plaintiff, and that he did there sell the same for the best price which could be had for it, and in a few days afterwards died there. And the defendant further avers, that the covenant sued upon was executed by him to the plaintiff, as the price of the whole of said tobacco, and for no other or further consideration; and that by mistake the same was executed for the

---

**Margin notes:**

FOREAN
vs.
BOWEN.

In cases within the statute, where the plaintiff, endorses he will receive the bank paper, no jury is necessary to assess the damages.

Plea alleging a mistake in the covenant declared on.

FOREAN
vs.
BOWEN.

entire price of said tobacco, without deducting therefrom the amount of ten dollars per hogshead, for freight, as aforesaid, and this he is ready to verify, &c.

Defence, that the covenant was executed by mistake for too great a sum, cannot be made at law; the remedy is in equity. Otherwise, it seems, where the defence goes the whole action.

None will deny but that Forean ought, in moral justice, to be relieved from the payment of the two hundred and eighty dollars, to which his plea purports to be an answer, if, in point of fact, the allegations contained in his plea be true; but we apprehend, that to obtain relief, he must apply to a court of equity, and cannot, in the mode adopted by him, avail himself of the matter by plea at law. If the mistake alleged in the plea went to the whole consideration of the obligation, there would be no difficulty, under the laws of this country, in sustaining the defence at law; but the object of the plea is, to go into part of the consideration only, and such a plea has been repeatedly decided not to be allowable at law. The plea was, therefore, correctly adjudged bad by the circuit court.

The judgment against Forean must, however, for the reasons first assigned, be reversed with cost, and the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

Mays for appellant; Crittenden for appellee.

---

DEBT

Case 94.

June 21.

Case stated.